NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE | Bankruptcy Case No.10-63501-fra13 |
| MARIO LUCIANO IAQUINTA and ADELE ALBERTA IAQUINTA, | |
| Debtors. | MEMORANDUM OPINION |

Debtors' attorney has submitted an application for compensation of post-confirmation fees in the sum of $11,983.45. The Trustee objects.

An order confirming the Debtors' initial plan of reorganization was entered on October 6, 2010 (Docket #34). This order awarded $3,250 as and for the Debtors' pre-confirmation legal fees. This constitutes an adjudication of the reasonableness of the fees claimed through confirmation. Accordingly, the Court will not consider the Trustee's objection to the current application to the extent it relies on pre-confirmation errors or omissions.

The application and the Trustee's objection were heard by the Court on June 12, 2012. Both parties offered argument, but no evidence, presumably leaving the Court to reach its own conclusions after reviewing the fee statements attached to the application. In reviewing these supporting documents, I conclude as follows:

// // //

// // //

Page 1 - MEMORANDUM OPINION

1. The statements include significant work done for the Debtors with respect to the sale of their business to third parties. This work does not directly benefit the estate or creditors, and should be borne by the Debtors rather than their creditors.

2. The remaining balance is $10,569.45. In determining reasonable charges, the Court must be mindful that reasonableness of attorney's fees awarded in a Chapter 13 case requires balancing the legitimate interests of the Debtors and creditors alike. While I find no particular activity to be unreasonable, the total fees charged should not be borne entirely by the creditors. I find a reasonable fee to be 85% of the remaining balance.

To summarize, the fees applied for should be reduced by $1,414 for work unrelated to the bankruptcy, and an additional $1,585.42, constituting 15% of the remaining balance. An order will be entered allowing the Debtors' attorney's application in the sum of $8,984.03. The foregoing constitutes the Court's findings of fact and conclusions of law. This analysis should not be construed as finding that any of the services performed by Debtors' attorney are inadequate or unreasonable. The purpose of the memorandum is simply to allocate the attorney's reasonable charges between the estate and the creditors on the one hand, and the Debtors on the other.

FRANK R. ALLEY, III
Chief Bankruptcy Judge

Page 2 - MEMORANDUM OPINION